In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00352-CV
_____

**ANGELA OSORE, INDIVIDUALLY AND ON
BEHALF OF B.W., B.E., AND Q.H., Appellant**

**V.**

**LILY REED, WILLIAM WATSON
AND WATSON ENTERPRISES, Appellees**

**On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. CIV28799A**

**MEMORANDUM OPINION**

Angela Osore, individually and on behalf of her minor children B.W., B.E., and Q.H. (Appellant or Plaintiff), filed this appeal from the trial court's summary judgment in favor of Defendants Lily Reed, William Watson, and Watson Enterprises (collectively Appellees or the Watson Defendants). We affirm.

Background

Plaintiff filed suit on September 4, 2014. According to Plaintiff's live petition at the time of the summary judgment hearing ("the petition"), on September 2, 2012, Jodi Sanders was locked out of the property that Sanders was renting as a residence, and Sanders asked Angela Osore's minor son to help Sanders get back into her house. According to the petition, two of Angela Osore's minor children attempted to assist Sanders, and Sanders's dog charged the children and attacked one of the children. Plaintiff alleged that the child who was attacked received treatment for severe wounds and plastic surgery for lacerations to the face. Plaintiff sued Sanders and the Watson Defendants for negligence, negligence per se, negligent infliction of emotional distress as to the minor child who was attacked, and as to Angela Osore and the other minor children, negligent infliction of emotional distress as bystanders who witnessed the attack. Plaintiff alleged that the Watson Defendants were strictly liable because they retained control over the premises through a lease agreement that required a pet deposit, they had "knowledge or constructive knowledge of Ms. Sanders['s] pit bull trait for attacking persons and other animals[,]" and they "failed to make the premises safe[.]"

The Watson Defendants filed an answer generally denying Plaintiff's allegations and asserting, among other things, that the accident "was proximately

2

caused by the negligence of third-persons over whom [the Watson Defendants] had no right of control" and the Watson Defendants were not legally responsible. Appellees also asserted that they did not have actual knowledge that the dog had vicious propensities.

On April 30, 2015, the Watson Defendants filed Defendants' Traditional and No-Evidence Motions for Summary Judgment. The motion for summary judgment alleged that Watson Enterprises was Osore's and Reed's landlord, Dr. William Watson was an employee/owner of Watson Enterprises, and Reed was an employee of Watson Enterprises. The motion asserted that the plaintiff could not prevail under any of the tort claims against the Watson Defendants because "Watson Enterprises, as landlord for Sanders, had no duty to [plaintiff] under Texas law[,]" and "[a]s employees of Watson Enterprises, this defense would equally apply to Reed and Dr. Watson." The Watson Defendants attached the following to the motion as summary judgment evidence: the petition, a transcript of Angela Osore's April 15, 2015 deposition, the opinion in *Batra v. Clark*, 110 S.W.3d 126 (Tex. App.—Houston [1st Dist.] 2003, no pet.), and an attorney's affidavit stating that the copy of Angela Osore's deposition is a true and correct copy.

On July 1, 2015, Plaintiff filed a response to the motion for summary judgment and a motion for continuance. Plaintiff's counsel alleged that "Ms. Osore

has hindered his ability to conduct discovery because she may have a disability that prevents her from being able to correctly and consistently provide evidence or witnesses' names[,]" and that Ms. Osore's children are minors and "also possess behavior disabilities." Plaintiff's counsel attached as an exhibit an "Affidavit of Attempted Service" in support of his argument that Ms. Sanders was difficult to serve with the lawsuit and that he was "attempting to garner an affidavit from a witness who was attacked by the dog who has moved from the residence near Ms. Sanders." Plaintiff's counsel argued that an adequate period of discovery had not yet transpired and that the Watson Defendants' summary judgment motion was premature. Plaintiff also argued in her response that there were genuine issues of fact that the dog was kept on the premises in violation of the lease provisions that outline the characteristics of a dog that could be kept on the premises. Plaintiff asserted that there is more than a scintilla of evidence in the pleadings and discovery as to the Watson Defendants' retaining substantial control of the premises and ability to remove the dog but that they did not do so after having knowledge of the dog's dangerous propensities. According to Plaintiff, the knowledge of the dog's propensity for violence is established by written discovery showing "the dog[']s intimidating barking and destructive damage to the house blinds when anyone came near the house[.]"

4

In her response to the motion for summary judgment, and at the summary judgment hearing on July 6, 2015, Plaintiff argued that just because the Watson Defendants are located offsite does not mean they are an "out-of possession" landlord, and their own discovery answers and lease provisions affirmatively show that they are an "in possession" landlord because they maintain control over the premises such as repairs, inspection, lawn maintenance, and enforcement of regulations of the lease provisions. After the hearing, the trial court denied Plaintiff's motion for continuance and granted the Watson Defendants' motion for traditional and no-evidence summary judgment. On July 28, 2015, the Watson Defendants filed a motion requesting the trial court to sever all claims against them from the case against Sanders and assign the severed cause a new cause number. The trial court granted the motion. Plaintiff appealed.

## Issues on Appeal

In her first issue, Appellant argues that the trial court erred in denying her motion for continuance. In issues two, three, four, and five, she contends the trial court erred in granting summary judgment because the Watson Defendants had a duty to Appellant to remove the dog from the premises the Watson Defendants controlled, the Watson Defendants had actual knowledge of the dog's presence or propensity for violence, the Watson Defendants had imputed knowledge of the dog's

5

presence or propensity for violence, and the Landlord was not an out-of-possession landlord. In issue six, Appellant argues the trial court erred in granting Defendant Reed's and Defendant Watson's motion to sever. In issue seven, Appellant contends the trial court, in granting the summary judgment, demonstrated bias and "failed to give due consideration to all the evidence and the Plaintiff's pleadings[.]"

## Denial of Motion for Continuance

In her first issue, Appellant argues that the trial court erred in denying her motion for continuance "given the complexity of the case, disability of all the plaintiffs, and avoidance of process by [defendant] Jodi Sanders[.]" Appellant argues that the trial court should have granted the continuance in order for Appellant to serve Sanders "with discovery request and notice of depositions given her avoidance of service of process and the materiality of her testimony." Plaintiff's counsel stated in the motion for continuance that Angela Osore and her children suffer from attention deficit disorder that "slows discovery."

Both a trial court's denial of a motion for continuance and its determination that there has been an adequate time for discovery are reviewed under an abuse of discretion standard. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (stating that denial of motion for continuance is reviewed for abuse of discretion standard); *Rest. Teams Int'l, Inc. v. MG Secs. Corp*., 95 S.W.3d 336,

339 (Tex. App.—Dallas 2002, no pet.) (stating that trial court's determination that there has been adequate time for discovery is reviewed for abuse of discretion). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner "without reference to any guiding rules and principles." *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). "The mere fact that a trial judge may decide a matter . . . in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

Rule 166a(g) of the Texas Rules of Civil Procedure permits a trial court to grant a continuance to the party opposing a motion for summary judgment if that party files an affidavit setting forth the reasons the party cannot present the facts necessary to respond to the summary judgment motion. Tex. R. Civ. P. 166a(g). An affidavit seeking a continuance to obtain additional evidence must describe the evidence sought, explain its materiality, and demonstrate that the party requesting the continuance has used due diligence to timely obtain the evidence. *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222-23 (Tex. App.—Fort Worth 2013, no pet.). In deciding whether the trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery or to obtain evidence, a court should consider the following nonexclusive factors: the

length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance exercised due diligence to obtain the requested discovery. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *D.R. Horton*, 416 S.W.3d at 223 (citing *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161).

Plaintiff's case had been filed for approximately ten months when the trial court denied the motion for continuance. In the motion for continuance, Plaintiff alleged that Sanders "could provide testimony as to Landlord[']s knowledge of the dangerous propensities[.]" Plaintiff, however, failed to include an affidavit of her attorney regarding the evidence sought, explaining the evidence's materiality, or demonstrating that Plaintiff had exercised due diligence in securing Sanders's deposition or discovery responses.[1] In the motion for continuance, Plaintiff's counsel stated the process server had difficulty in serving Sanders with the suit, and Plaintiff's counsel attached an unsworn "affidavit" by the process server setting out his attempts at service of interrogatories. However, the motion for continuance

---

[1] Plaintiff's counsel, however, did attach his affidavit to Plaintiff's Motion for Reconsideration and Amended Motion for Reconsideration. We note that the affidavit was sworn to on July 28, 2015, after the trial court ruled on the motion for continuance and summary judgment motion, and that the affidavit did not state what attempts, if any, Plaintiff made to secure Sanders's deposition or discovery responses.

8

lacked any affidavit from Plaintiff's counsel explaining the efforts made to notice or compel Sanders's deposition or to obtain discovery responses, nor did it contain an explanation regarding the evidence sought and its materiality, or any demonstration regarding the exercise of due diligence.

In denying the motion for continuance, the trial court could have determined that Sanders's testimony was immaterial because, as discussed below, the Watson Defendants were out-of-possession landlords who owed no duty to Plaintiff. Even if the trial court believed Sanders's testimony was material, the trial court could have also reasonably concluded any of the following: this dog-bite incident occurred years before the hearing and the case had already been on file ten months, Plaintiff failed to use due diligence in obtaining Sanders's testimony or discovery responses, or Plaintiff failed to attach an affidavit under Rule 166a(g) in support of her motion for continuance. *See* Tex. R. Civ. P. 166a(g); *see also, e.g.*, *Schronk v. Laerdal Med. Corp.*, 440 S.W.3d 250, 263-64 (Tex. App.—Waco 2013, pet. denied) (trial court did not abuse its discretion in denying parties' motion for continuance of summary judgment hearing based on the need to conduct additional discovery where the parties failed to demonstrate that they exercised due diligence in obtaining the additional discovery needed); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (party seeking continuance of a

summary judgment hearing based on need to conduct further discovery must support its motion with an affidavit stating with particularity what due diligence the part used to obtain the needed evidence); *Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 325-26 (Tex. App.—Fort Worth 2007, pet. denied) (no abuse of discretion in denying party's motion for continuance of summary judgment hearing based on the need to take witness depositions where case was on file fourteen months before summary judgment motion was filed). We conclude the trial court did not abuse its discretion in denying Plaintiff's motion for continuance. Issue one is overruled.

## Summary Judgment

In issues two, three, four, and five, Appellant argues the trial court erred in granting summary judgment because Appellant provided more than a scintilla of proof that the Watson Defendants maintained control over Sanders's residence and that the Watson Defendants knew the dog was on the property and that Sanders often hid the dog in other rooms to protect guests. Appellant also argues that the pit bull's "notoriety in the community" created genuine issues of fact as to whether the Watson Defendants had actual or constructive knowledge of the dog's propensity for violence.

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish the movant's right to judgment as a

matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements of the claim as outlined in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206-08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

To prevail on a negligence claim, a plaintiff must establish that the defendant owed a duty, a breach of that duty, and damages proximately caused by the breach. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The plaintiff bears the burden to produce evidence of duty, and liability cannot be imposed if no duty exists. *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 58 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd). Whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence at issue. *Id.*

In the motion for summary judgment and on appeal, the Watson Defendants argue that Plaintiff has produced no evidence that the Watson Defendants had actual knowledge of the dog's dangerous propensities, and therefore, the Watson Defendants, as an out-of-possession landlord, had no duty to Plaintiff under Texas law.

In *Baker v. Pennoak Properties, Ltd.*, the Fourteenth Court of Appeals held that a landlord retaining control over premises used in common by different occupants of his property has a duty to protect tenants from dog attacks in the common areas of his property and will be held liable if (1) the injury occurred in a common area under the control of the landlord and (2) the landlord had actual or imputed knowledge of the dog's vicious propensities. 874 S.W.2d 274, 275, 277

12

(Tex. App.—Houston [14th Dist.] 1994, no writ).  In *Do v. Nguy*, the Fourteenth

Court of Appeals noted that "[i]n *Baker . . .* we addressed a landlord's duty to a third

party attacked in a *common area* of a *multi-dwelling premises* that was controlled by

the landlord, but we expressly declined to decide the duty owed by an out-of-

possession landlord of a single-dwelling premises." No. 14-13-00848-CV, 2014

Tex. App. LEXIS 13842, at *7 n.1 (Tex. App.—Houston [14th Dist.] Dec. 30, 2014,

no pet.) (mem. op.) (emphasis added).

In *Batra v. Clark*, cited by Appellees in the motion for summary judgment

and on appeal, the First Court of Appeals explained that:

> . . . *Baker* is distinguishable because it involved a landlord in
> possession with control over the common areas, whereas this case
> involves a landlord out of possession with arguably no, or limited,
> control over the premises. . . . Moreover, the *Baker* court expressly
> refused to decide the issue of whether an out-of-possession landlord
> may be liable for harm caused by a tenant's dog to third parties. . . .
>
> . . . .
>
> We agree with the majority of cases that liability should be
> imposed on an out-of-possession landlord only when he has actual
> knowledge, rather than imputed knowledge, of the presence of a vicious
> animal on the leased premises. We hold that, if a landlord has actual
> knowledge of an animal's dangerous propensities and presence on the
> leased property, and has the ability to control the premises, he owes a
> duty of ordinary care to third parties who are injured by this animal.

110 S.W.3d 126, 128, 130 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

13

We disagree with Plaintiff's description of the Watson Defendants as landlords in possession under the lease agreement between Sanders and Watson Enterprises. Plaintiff argues that the Watson Defendants were in possession because: Sanders's lease stated that Watson Enterprises restricted the type and number of pets and reserved the right to remove any violators, the lease stated that Watson Enterprises would provide for the repairs and maintenance of property and lawn areas, and the lease provided that Watson Enterprises maintained a right of entry with or without permission to repair or perform quality checks. The record includes no evidence that the residence in question was a multi-dwelling unit or property and *Baker* is distinguishable on its facts. *Baker* involved a suit against a landlord of a multi-dwelling premises controlled by the landlord. Appellant provides no authority, nor are we aware of any, that would support Appellant's argument that the lease provisions at issue in some manner render Watson Enterprises a landlord in possession.

Appellees attached the deposition of Angela Osore to their motion for summary judgment. Angela Osore testified that, prior to the incident at issue, she had never informed Watson Enterprises that she believed a dangerous dog was at Sanders's residence, she was not aware of anyone who had complained about Sanders's dog to Watson Enterprises, and that she was not aware of any evidence

14

that would show that any of the Watson Defendants had any actual knowledge of a vicious animal on Sanders's property. Plaintiff presented no evidence at the hearing to contradict this deposition testimony. We conclude that there is no evidence that the Watson Defendants had "actual knowledge" of the dangerous propensities of Sanders's dog, and the trial court did not err when it granted the Watson Defendants' motion for summary judgment.[2] Issues two, three, four, and five are overruled.

---

[2]Because we have affirmed the granting of the Watson Defendants' traditional motion for summary judgment, we need not address the merits of the no-evidence motion. *See* Tex. R. App. P. 47.1; *see also FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000) (when the trial court's order granting summary judgment does not specify the basis for the ruling, we affirm the judgment if any of the theories advanced are meritorious).

## Motion to Sever

In her sixth issue, Appellant contends that if this Court finds that the trial court erred in its failure to grant Plaintiff's motion for continuance and reverses the trial court's order granting summary judgment, the trial court's severance would be improper. Because we have determined that the trial court did not err in denying the motion for continuance or in granting summary judgment, we also overrule the sixth issue. *See* Tex. R. App. P. 47.1.

## Allegations of Bias or Failure to Consider

In her seventh issue, Appellant argues the trial court demonstrated bias and failed to give due consideration to Appellant's pleadings "given that it stated it would read the cases but issued the order granting summary judgment before it left the bench and its harsh sanction of dismissal with prejudice." Appellant states that "[i]t is hard to believe that the trial court judge reviewed the cases and the pleadings and [was] able to give due consideration" to Appellant's response to the summary judgment motion. According to Appellant, the hearing "began at 10:00 a.m. or later and there were other appearances in Court on that day[]" and the trial court judge signed the order granting the Watson Defendants' summary judgment "by 1:00 p.m. on the day of the hearing." Appellant also alleges that Polk County has a "nefarious reputation[.]"

16

According to the documents in the appellate record, the Watson Defendants' motion for summary judgment was filed on April 30, 2015. Plaintiff's response and motion for continuance were filed on July 1, 2015, and the hearing was held on July 6, 2015. The arguments made at the hearing were similar arguments to those made in the pleadings previously filed with the court. Furthermore, a trial court is not required to hold an oral hearing on a summary judgment motion. *See* Tex. R. Civ. P. 166a(c); *Martin v. Martin, Martin & Richards, Inc*., 989 S.W.2d 357, 359 (Tex. 1998). On this record, we cannot say that the trial court demonstrated bias or failed to give due consideration to the arguments made by Osore. As for Appellant's allegations regarding Polk County's "nefarious reputation[,]" we find no evidence in the record to support such allegations and need not address such in any further detail herein. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (appellate courts may not consider matters outside the appellate record); *see also* Tex. R. App. P. 34.1 (appellate record is limited to clerk's record and reporter's record); Tex. R. App. P. 38.1(i) (requiring an appellate brief to cite to the record and to relevant legal authority). Issue seven is overruled.

The trial court's judgment is affirmed.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 22, 2016
Opinion Delivered January 26, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.