**Jack NUSZEN, Appellant**

**v.**

**Thomas Hosea BURTON, III, Appellee**

**NO. 14–15–00393–CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed March 17, 2016

Walter P. Mahoney, Jr., Pasadena, TX, for Appellant.

Matthew Gallagher, Houston, TX, for Appellee.

Panel consists of Justices Jamison, Donovan, and Brown

## OPINION

John Donovan, Justice

Appellee, Thomas Burton III, sued Appellant, Jack Nuszen, for breach of contract for failing to pay agreed attorney's fees. Nuszen appeals the trial court's judgment granting summary judgment to Burton. We affirm.

## I. BACKGROUND

Burton served as counsel for Nuszen's ex-wife in a child-custody case before the 246th Judicial District Court ("the family court"). During those proceedings, the family court awarded Burton interim attorney's fees in the amount of $50,000 pursuant to section 105.001(a)(5) of the Texas Family Code. See Tex. Fam. Code Ann. § 105.001(a)(5) (West 2015). Nuszen filed a mandamus action with the First Court of Appeals challenging this Order, but the court denied Nuszen's writ.

The fee award was subsequently modified by an oral agreement before the family court. In that oral contract, Burton and Nuszen agreed that Nuszen would pay $30,000 total, instead of $50,000, to be paid in installments. However, Nuszen failed to pay the amount due. Burton sued for breach of contract by filing an Original Petition in the 55th Judicial District Court ("the trial court"). Burton filed a traditional motion for summary judgment, to which Nuszen purportedly responded by filing an amended motion to dismiss and argued that the judge of the family court declined to award attorney's fees in his final judgment or in response to Burton's motions to enforce the agreement.

After reviewing the record, however, the trial court found: "[t]he record is quite clear ... that the judge of the 246th felt it was unnecessary to restate what had already been agreed to." Thus, the trial court held that the parties entered into an agreement on the record in the 246th court and signed an order granting Burton's summary-judgment motion and denying Nuszen's motion to dismiss. The trial court then signed a final summary judgment, granting attorney's fees and costs to Burton. Nuszen now appeals from that judgment.[1]

## II. OUR COURT'S JURISDICTION

Burton challenges this court's jurisdiction, arguing that Nuszen did not timely serve the Notice of Appeal on Burton or his counsel. See Tex. R. App. P. 25.1(e). It is not clear from Burton's brief whether he is arguing he was not served within the time required by the Texas Rules of Appellate Procedure, whether there was an error in Nuszen's certificate of service and that is why he was not timely served, or, whether he was not served at all. Regardless, Burton's argument fails.

First, it appears from the record Burton was served within the time required by the Texas Rules of Appellate Procedure. The trial court's final judgment was signed on February 2, 2015. A timely Motion for New Trial was filed on March 2, 2015. Filing a motion for new trial extends the time to file a notice of appeal to within 90 days after the trial court's judgment is signed. See Tex. R. App. P. 26.1(a)(1). Nuszen filed his Notice of Appeal on April 26, 2015, within 90 days from the trial court's final judgment, signed February 2, 2015.

Second, a certificate of service, pursuant to Texas Rule of Appellate Procedure 9.5 was contained within Nuszen's Notice of Appeal, dated April 26, 2015 (within 90 days of the trial court's final judgment). A certificate of service serves as proof of service. See Tex. R. App. P. 9.5(d). And while Nuszen's certificate of service did not contain Burton's name or e-mail address (other than that of Burton's attorney) as required by Rule 9.5(d), this error "does not, strictly speaking, violate Rule 25.1(e)" and is therefore not enough to deprive this court of jurisdiction. See Tex. R. App. P. 25.1; Pena v. McDowell, 201 S.W.3d 665, 666 (Tex.2006).

Finally, even if we disregard the certificate of service as proof that Burton was timely served, and agree with Burton that he was not, his argument must still fail. "The filing of a notice of appeal by

1. Nuszen's counterclaims for breach of contract and fraud were not expressly adjudicated in the trial court's order granting Burton's motion for summary judgment, but the language of the judgment—"This judgment finally disposes of all parties and all claims and is appealable"—nevertheless made the judgment final for purposes of appellate jurisdiction. Nuszen waived any error by not objecting to the judgment on that basis. See Tex. R. App. P. 38.1

any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. Any party's failure to take any other step required by these rules, including the failure of another party to perfect an appeal under (c), *does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal.*" *See* Tex. R. App. P. 25.1(b) (emphasis added). Burton provides no authority for the argument that lack of service deprives an appellate court of jurisdiction, and we are aware of none.

### III. STANDARD OF REVIEW: SUMMARY JUDGMENT

We review summary judgments *de novo. See Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 156–57 (Tex.2004). For traditional motions for summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 157.

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex.2003). If the movant establishes a right to summary judgment, the burden shifts to the nonmovant to present evidence raising a material fact issue. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000); *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

### IV. ANALYSIS

#### A. Burton Could Enforce Judgment for Attorney's Fees in the 55th Judicial District Court

■ Nuszen argues that the trial court erred in granting summary judg-

ment because the issue of attorney's fees lay within the exclusive purview of the family court. Burton claims Nuszen raises this jurisdictional argument for the first time on appeal, and thus, Nuszen's argument is waived. However, Nuszen raised this jurisdictional argument in his motion for new trial and even if he had not, "[s]ubject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties." *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 445 (Tex. 1993).

While it is true that "[a family] court that renders a final order in a suit affecting the parent-child relationship generally retains continuing, exclusive jurisdiction to modify the order," the suit before the trial court was not a suit affecting the parent-child relationship, and the court did not modify a family court order. *See Phillips v. Beaber,* 995 S.W.2d 655, 656 (Tex.1999) (holding Texas family court did not have continuing jurisdiction to consider a motion brought under the Uniform Child Custody Jurisdiction Act when child had established another home state); Tex. Fam.Code Ann. §§ 155.001(a), 155.003(a) (West 2015); *Gant v. Gant,* No. 05-01-00134-CV, 2002 WL 257700, at *1 (Tex. App.—Dallas Feb. 25, 2002, no pet.) (not designated for publication). Instead, the suit before the trial court was a breach-of-contract action. Nuszen cites no relevant authority, and we are aware of none, for the proposition that an attorney, filing suit for breach of an agreement to pay attorney's fees must file the suit in the same court where the fees were incurred.

#### B. Nuszen Has Not Raised a Genuine Issue of Material Fact on Whether Res Judicata Would Defeat Summary Judgment

■ Next, Nuszen argues the trial court erred in granting summary judgment be-

cause the family court declined to award attorney's fees in its final judgment, and thus, the trial court was barred from granting summary judgment on the theory of res judicata.

If, as here, the non-movant relies on an affirmative defense to oppose the summary-judgment motion, he must provide sufficient summary-judgment evidence to create a fact issue on each element of the defense. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984).

■ "Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). It requires proof of the following: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.* Rather than respond to Burton's motion for summary judgment, Nuszen filed a motion to dismiss in which he raised res judicata. We shall liberally construe this motion as a response to Burton's motion for summary judgment.

■ The only purported piece of evidence Nuszen provides in the appellate record is a sworn affidavit attached to his motion to dismiss, wherein he swore: "I have read the motion to dismiss and all the stated facts in the motion to dismiss are true to the best of my knowledge." However, "[i]t is well settled that neither the motion for summary judgment, nor the response, even if sworn, is ever proper summary judgment proof." *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex.App.—Houston [14th Dist.] 2000, pet. denied) (citing *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.

1971)). Because verified responses are not proper summary-judgment proof, Nuszen has not provided any evidence and he is not entitled to relief. Nuszen's affidavit also states, "[a]ll the facts raised in Plaintiff's petition were raised in the motions and hearing in Cause No. 2008–51454." This again cannot be considered proper summary judgment proof, and in any case, as explained below, is insufficient to address each element of res judicata.

■ However, even if we were to take Nuszen's sworn affidavit as evidence, he still will not have raised any genuine issue of material fact. To support his argument, Nuszen claims and swears that the family court denied attorney's fees in its final judgment. According to Nuszen, res judicata consequently applies. Having heard this same argument, the trial court stated in its order, "[d]efendant's defense is that the judge of the 246th declined to award those fees in his final judgment. The record is quite clear, however, that the judge of the 246th felt it was unnecessary to restate what had already been agreed to." Nuszen's response to the motion for summary judgment cited several additional exhibits that may have been before the trial court. However, the exhibits are not in the record before us. Consequently, we can only presume that the evidence not in our record supports the trial court's decision. *Jackson v. Crawford*, 727 S.W.2d 628, 631 (Tex.App.—Dallas 1987, no writ).

■ There is also no final judgment from the family court attached to the motion to dismiss that is part of our record. Nuszen did not request the clerk to supplement the record with any items, as he was permitted to do if he thought an item was missing. *See* Tex. R. App. P. 34.5(c). "When the summary judgment record is incomplete, the omitted documents are presumed to establish the correctness of

the judgment." *DeBell v. Texas Gen. Realty, Inc.*, 609 S.W.2d 892, 893 (Tex.App.—Houston [14th Dist.] 1980, no writ). Without having the family court's final judgment before us, we must assume the evidence and the record before the trial court supports its order. However, even if Nuszen had attached the family court's final judgment for the appellate record, his res judicata argument still fails.

### 1. Identity of Parties or Those in Privity With Them

Burton was not a party to the action brought before the family court, a child custody dispute. The only connection between Burton and Nuszen was the fact that Burton represented Nuszen's ex-wife in the family-court proceeding. Burton was in no way a "party" to that proceeding.

■■■ Furthermore, privity did not exist between Burton and Nuszen. "A privy is one who is so connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right." *Phillips v. Allums*, 882 S.W.2d 71, 74 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (citing *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971)). "However, privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same facts." *Id.* The proceeding before the family court was a custody suit between Nuszen and his ex-wife. There, Burton and Nuszen entered into a contract for the payment of Burton's attorney's fees, an agreement made separately from the underlying suit. Burton was not a party to the family court proceeding, and the agreement entered into by Burton and Nuszen was not in furtherance of any issues before the family court.

### 2. A Second Action Based on the Same Claims as Were Raised or Could Have Been Raised in the First Action

■■■ Nuszen asserts that the proceeding before the trial court is based upon the same claims that were raised before the family court. "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex.1992).

As already mentioned, the issue before the family court was a child custody dispute between Nuszen and his ex-wife. The issue brought before the trial court was a breach-of-contract action based on an agreement for attorney's fees between Nuszen and his ex-wife's attorney, Burton. The breach-of-contract action was a subsequent suit based on an entirely different subject matter from the child-custody dispute before the family court. Thus, Nuszen has not raised any genuine issue of material fact and consequently, has not shown any error on the part of the trial court in rejecting his res judicata assertion.

■■■ It should also be noted that Burton, in his summary-judgment evidence, established the elements of contract: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) a communication that each party consented to the terms of the contract; (5) execution and delivery of the contract with an intent it become mutual and binding on both parties; and (6) consideration. *Coleman v. Reich*, 417 S.W.3d 488, 491 (Tex.App.—Houston [14th Dist.] 2013, no pet.) (citing *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex.App.—Houston [14th Dist.] 2005, no pet.)). Nuszen and Burton entered into an agree-

ment on the record before the family court where both sides agreed to the terms and conditions of Burton's attorney's fees. Neither side disputed the terms of the contract at the time it was entered into, and the court approved of the agreement on the record.

The next issue is whether there was consideration. "Consideration consists of either a benefit to the promisor or a detriment to the promisee." *Angelou v. African Overseas Union,* 33 S.W.3d 269, 280 (Tex.App.—Houston [14th Dist.] 2000, no pet.). Here, Burton was originally owed $50,000 but agreed to be paid $30,000, apparently realizing he would never receive the $50,000. Therefore, consideration existed and a legally binding contract was formed.

Having overruled all of Nuszen's issues, we affirm the trial court's judgment.