

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00349-CV

D.R. HORTON - TEXAS, LTD. AND                                    APPELLANTS
DRHI, INC.

V.

SAVANNAH PROPERTIES                                               APPELLEE
ASSOCIATES, L.P.

----------

### FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

## I. Introduction

Appellants D.R. Horton – Texas, Ltd. (D.R. Horton) and DRHI, Inc. (DRHI) appeal a summary judgment in favor of Appellee Savannah Properties Associates, L.P. (Savannah). In three sub-issues, D.R. Horton and DRHI contend the trial court erred by not granting their motion for continuance of the submission date of Savannah's summary judgment motions, by granting

Savannah's motion for summary judgment on its affirmative defenses of release, res judicata, novation, and limitations, and by granting Savannah's no-evidence motion for summary judgment on D.R. Horton's and DRHI's breach of contract, breach of warranty, negligence, and fraudulent inducement claims. We affirm.

## II. Factual and Procedural Background

This appeal arises out of the second lawsuit between the parties. Savannah was the developer of multiple phases of residential single-family lots and commercial tracts in the Savannah Addition, a suburban development in Denton County, Texas. In February 2003, Savannah entered into a Contract of Purchase and Sale with DRHI (the Horton Contract) under which DRHI agreed to purchase from Savannah 800 residential lots in the Savannah Addition for the purpose of constructing single-family homes. In March 2003, Savannah and DRHI entered into another Contract of Purchase and Sale (the Continental Contract) under which DRHI agreed to purchase from Savannah 800 additional lots in the Savannah Addition for the same purpose.

DRHI transferred and assigned its rights and obligations under the Horton Contract and the Continental Contract to D.R. Horton. Savannah sold its interest in the Savannah Addition to CHS Savannah, L.P. (CHS) and assigned its rights and obligations under the Horton Contract and the Continental Contract to CHS.[1]

_____

[1]CHS Savannah, L.P. is not a party to this appeal.

In 2007, a dispute arose between D.R. Horton and CHS over the Horton Contract and the Continental Contract. Savannah and CHS filed suit against D.R. Horton and DRHI, asserting breach of contract, fraud, and negligent misrepresentation claims arising from D.R. Horton's and DRHI's alleged failure to purchase and close on the number of lots required by the Horton Contract and Continental Contract. D.R. Horton and DRHI filed counterclaims against Savannah and CHS, claiming they breached the Horton Contract and the Continental Contract by giving preferential treatment to another homebuilder working in the Savannah Addition.

D.R. Horton, DRHI, Savannah, and CHS settled the first lawsuit and entered into a settlement agreement under which the parties merged the Continental Contract into the Horton Contract so the Horton Contract was the only contract between the parties. Pursuant to the terms of the settlement agreement, CHS and D.R. Horton also amended the Horton Contract by entering into a Reinstatement of and Twelfth Amendment to Contract of Purchase and Sale (the Amended Contract). Under the terms of the settlement agreement, D.R. Horton and DRHI released Savannah and CHS from any and all claims belonging to D.R. Horton and DRHI, known or unknown, asserted or unasserted in the first lawsuit with respect to, arising from, or related in any way to the Horton Contract, the Continental Contract, the Savannah Addition, or the Amended Contract. As set forth in the settlement agreement, the parties filed a

3

joint motion to dismiss the case with prejudice. The trial court granted the motion and signed an order dismissing the first lawsuit with prejudice in May 2008.

On April 20, 2009, D.R. Horton and DRHI filed the present lawsuit against Savannah and CHS, asserting breach of contract, breach of warranty, and negligence claims arising out of Savannah's and CHS's alleged failure to properly prepare the soil on the lots they sold to D.R. Horton and DRHI for residential construction. In its answer, Savannah asserted the affirmative defense of release. Savannah filed a motion for summary judgment on its release defense, claiming D.R. Horton and DRHI released all claims against Savannah related to the Amended Contract and the Savannah Addition in the settlement agreement. The motion was denied.

On August 11, 2011, Savannah amended its answer to assert additional affirmative defenses, including res judicata, novation, and limitations. Savannah filed a motion for summary judgment on August 17, 2011 seeking a traditional summary judgment on its res judicata, novation, and limitations defenses and a no-evidence summary judgment on D.R. Horton's and DRHI's breach of contract, breach of warranty, and negligence claims. Savannah's motion was set for submission on October 14, 2011. On October 12, 2011, D.R. Horton and DRHI filed a motion for continuance, claiming they needed additional time for discovery. Savannah's motion was re-set for submission on January 13, 2012. On December 11, 2011, Savannah filed a motion asking the trial court to

reconsider its order denying Savannah's motion for summary judgment on its release defense.

The motion to reconsider and motions for summary judgment were heard by submission on January 13, 2012. On March 5, 2012, D.R. Horton and DRHI filed a fourth amended petition, asserting additional claims of fraudulent inducement and alter ego against Savannah. D.R. Horton and DRHI filed a fifth amended petition on March 27, 2012, adding a joint enterprise claim against Savannah. On April 17, 2012, Savannah filed a motion to strike these pleadings.

On April 17, 2012, the trial court granted (1) Savannah's motion to reconsider, (2) Savannah's motion for summary judgment on its release defense, (3) Savannah's motion for summary judgment on its res judicata, novation, and limitations defenses, and (4) Savannah's no-evidence motion for summary judgment on D.R. Horton's and DRHI's breach of contract, breach of warranty, and negligence claims. The trial court did not specify the grounds upon which it relied in granting the motions.

Savannah filed an amended motion to strike D.R. Horton's and DRHI's fourth and fifth amended petitions. The trial court granted the amended motion, striking all new, amended, or supplemental allegations relating to Savannah made in D.R. Horton's and DRHI's fourth and fifth amended petitions. The trial court then severed D.R. Horton's and DRHI's claims against Savannah, thus

making the court's order on the motion to reconsider and motions for summary judgment final and appealable.[2]  This appeal followed.

### III.  Motion for Continuance

In their first sub-issue, D.R. Horton and DRHI contend the trial court abused its discretion by not continuing the January 13, 2012 submission of Savannah's motions for summary judgment.  D.R. Horton and DRHI allege they did not have adequate time prior to the submission date to conduct discovery on their claims and on Savannah's res judicata, novation, and limitations defenses.  In response, Savannah contends D.R. Horton and DRHI failed to preserve error on this sub-issue because they did not set the motion for continuance for hearing or bring it to the trial court's attention.  Savannah also contends that the trial court did not abuse its discretion by denying D.R. Horton's and DRHI's motion for continuance because D.R. Horton and DRHI did not describe the evidence sought, explain its materiality, and show they had used due diligence in trying to obtain the evidence.[3]

---

[2]D.R. Horton and DRHI do not challenge on appeal the trial court's ruling on Savannah's motion to reconsider.

[3]Savannah also claims the trial court did not abuse its discretion by denying D.R. Horton's and DRHI's motion for continuance because D.R. Horton and DRHI did not file an affidavit in support of their motion as required by Texas Rule of Civil Procedure 251.  *See* Tex. R. Civ. P. 251.  A review of the record, however, reveals that D.R. Horton and DRHI did file an affidavit in support of their motion.

**A. Standard of Review**

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for that of the trial court. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

**B. Applicable Law**

Rule 166a(g) permits a trial court to deny a motion for summary judgment or grant a continuance to the party opposing summary judgment if the party opposing summary judgment files an affidavit setting forth the reasons the party cannot present the facts necessary to respond to the motion. Tex. R. Civ. P. 166a(g); *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 662 (Tex. 2009). A motion for continuance seeking time for discovery must be supported by an affidavit that describes the evidence sought, explains its materiality, and shows that the party requesting the continuance has used due diligence to timely obtain the evidence. Tex. R. Civ. P. 251, 252; *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.) However, a litigant who fails to diligently use the rules of civil procedure for discovery purposes is not entitled to

7

a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). In deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, we consider factors such as the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161.

Under rule 166a(i), there is no specific minimum amount of time that a case must be pending before a trial court may entertain a no-evidence motion for summary judgment; the rule only requires an "adequate time for discovery." *See* Tex. R. Civ. P. 166a(i). In considering whether the trial court permitted an adequate time for discovery, we consider the following factors: (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague. *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.)

## C. Analysis

The record does not show that the motion for continuance was heard by or ruled upon by the trial court. However, assuming the trial court impliedly denied

the motion for continuance,[4] we conclude that it did not abuse its discretion.  D.R. Horton and DRHI argue they needed additional time to conduct discovery so they could depose four of Savannah's experts whose deposition notices Savannah quashed and redepose witnesses whose depositions were taken before Savannah asserted its res judicata, novation, and limitations defenses.  D.R. Horton and DRHI complain they did not have adequate time to conduct discovery on Savannah's res judicata, novation, and limitations defenses because Savannah's motion for summary judgment on those defenses was served on D.R. Horton and DRHI just five days after those defenses were first pled by Savannah.[5]

Submission of Savannah's motion for summary judgment on its newly pled affirmative defenses and D.R. Horton's and DRHI's claims was originally

---

[4]*Compare Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224–25 (Tex. App.—Dallas 2008, pet. struck) (holding that appellant did not preserve error because he failed to obtain ruling on motion for continuance), *and Dart v. Balaam*, 953 S.W.2d 478, 483 (Tex. App.—Fort Worth 1997, no pet.) (holding same), *with* Tex. R. App. P. 33.1(a)(2)(A) (providing that, to preserve error, trial court must have expressly or implicitly ruled on request, objection, or motion), *and Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114–15 (Tex. App.—Waco 1999, no pet.) (holding that trial court impliedly ruled on motion for continuance by granting motion for summary judgment when appellant filed motion for continuance two days before summary judgment hearing).

[5]D.R. Horton and DRHI also complain on appeal that the complexity of the case and the number of parties and attorneys involved necessitated additional time to conduct discovery with respect to their claims.  These reasons were not included in D.R. Horton's and DRHI's motion for continuance or the affidavit accompanying the motion as required by rules 251 and 252.  *See* Tex. R. Civ. P. 251, 252.  Therefore, we do not consider them on appeal.  *See* Tex. R. App. P. 33.1(a).

9

scheduled for October 14, 2011 and was rescheduled for January 13, 2012. When the motions for summary judgment were submitted on January 13, the lawsuit had been on file for well over two years, and the motion for summary judgment on Savannah's newly pled affirmative defenses and on D.R. Horton's and DRHI's claims had been on file for over five months. In their motion for continuance, D.R. Horton and DRHI did not identify which witnesses they needed to redepose. Nor did they explain the nature and materiality of the testimony they expected to elicit from these witnesses or from Savannah's four expert witnesses. D.R. Horton and DRHI claim they exercised due diligence in obtaining discovery because they noticed Savannah's expert witnesses for deposition, but Savannah quashed the notices. D.R. Horton and DRHI did not show they made another attempt to obtain these depositions in the intervening five months between the filing of the motions for summary judgment and the date the motions were submitted. Therefore, we cannot say the trial court abused its discretion by denying the motion for continuance. We overrule D.R. Horton's and DRHI's first sub-issue.

## IV.  D.R. Horton's and DRHI's Fraudulent Inducement Claim

As part of their third sub-issue, D.R. Horton and DRHI contend the trial court erred by granting Savannah's no-evidence motion for summary judgment because Savannah did not address D.R. Horton's and DRHI's fraudulent inducement claim in its motion. In response, Savannah argues the trial court did not err by granting Savannah's no-evidence motion for summary judgment

10

because D.R. Horton's and DRHI's fraudulent inducement claim was made in amended pleadings filed after the submission of the summary judgment that were struck by the trial court.[6]

## A. Applicable Law

Rule 166a(c) provides that a trial court shall render summary judgment if the pleadings and summary judgment evidence "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court" show the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). After a summary judgment hearing but before a trial court renders judgment, a party must obtain leave of the court to amend a pleading. Tex. R. Civ. P. 63; *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("Once the hearing date for a motion for summary judgment has passed, the movant must secure a written order granting leave in order to file an amended pleading."). A pleading filed after the summary judgment hearing without leave of court cannot be considered by the trial court. *See Taylor v. Sunbelt Mgmt., Inc.*, 905 S.W.2d 743, 745 (Tex. App.—Houston [14th Dist.] 1995, no writ) (stating "we cannot consider appellants' pleadings which were admittedly filed *after* the motion for summary judgment hearing"); *W. Tex. Gas, Inc. v. 297 Gas Co.*, 864 S.W.2d 681, 685 (Tex. App.—Amarillo 1993, no writ)

---

[6]D.R. Horton and DRHI do not challenge on appeal the trial court's order striking all new, amended, or supplemental allegations relating to Savannah made in D.R. Horton's and DRHI's fourth and fifth amended petitions.

11

(holding trial court did not err by failing to consider amended petition filed after hearing without leave of court). Because an amendment that is not timely and not allowed by the trial court does not supersede the prior petition, the summary judgment movant need not amend or supplement his motion to address those claims. *See Taylor*, 905 S.W.2d at 745 (citing Tex. R. Civ. P. 166a(c) and holding trial court did not err by granting summary judgment when new, unaddressed claims were added by amended petition filed after hearing without leave of court); *W. Tex. Gas, Inc.*, 864 S.W.2d at 685 (same).

**B. Analysis**

D.R. Horton's and DRHI's fraudulent inducement claim was not contained in D.R. Horton's and DRHI's pleadings on file at the time Savannah's motions for summary judgment were submitted on January 13, 2012. D.R. Horton and DRHI asserted this cause of action in their fourth and fifth amended petitions, both of which were filed after the summary judgment submission date without leave of court. We presume that leave to amend was not granted unless the record shows that the trial court granted leave. *See Austin*, 261 S.W.3d at 76. Nothing in the record indicates the trial court granted leave or that D.R. Horton and DRHI sought leave. *See Taylor*, 905 S.W.2d at 745; *W. Tex. Gas, Inc.*, 864 S.W.2d at 685.

We hold the trial court did not err by rendering summary judgment in favor of Savannah because D.R. Horton's and DRHI's fraudulent inducement claim was contained in amended petitions that were filed without the court's permission

after the summary judgment had been heard by submission. *See Taylor*, 905 S.W.2d at 745; *W. Tex. Gas, Inc.*, 864 S.W.2d at 685. Accordingly, we overrule the portion of D.R. Horton's and DRHI's third sub-issue challenging the no-evidence summary judgment on D.R. Horton's and DRHI's fraudulent inducement claim.

## V. Motions for Summary Judgment

In their second sub-issue, D.R. Horton and DRHI contend the trial court erred by granting Savannah's motion for summary judgment on its affirmative defenses of release, res judicata, novation, and limitations. In the remaining portions of their third issue, D.R. Horton and DRHI complain the trial court erred by granting Savannah's no-evidence motion for summary judgment on D.R. Horton's and DRHI's breach of contract, breach of warranty, and negligence claims. Because Savannah's release defense is dispositive of this case, we consider it first.[7]

### A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the

---

[7]Although we usually address the no-evidence motion first when both no-evidence and traditional summary judgment motions are filed, *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004), we will review the propriety of granting the traditional summary judgment on Savannah's release affirmative defense first because it is dispositive. *See* Tex. R. App. P. 47.1.

nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008). When, as here, the trial court's summary judgment order does not state the basis for the trial court's decision, we must affirm the order if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

## B. Applicable Law

A release is an agreement or contract in which one party agrees that a legal right or obligation owed by the other party is surrendered. *Dresser Indus., Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex. 1993). It is subject to the normal rules of contract construction, including the rules of ambiguity. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am.*, 955 S.W.2d 120, 127

14

(Tex. App.—Houston [14th Dist.] 1997), *aff'd*, 20 S.W.3d 692 (Tex. 2000). A release extinguishes a claim or cause of action and is an absolute bar to any right of action on the released matter. *Dresser Indus.*, 853 S.W.2d at 508.

To release a claim effectively, the releasing instrument must "mention" the claim to be released. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991); *see Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 698 (Tex. 2000). Claims not clearly within the subject matter of the release are not discharged, even if those claims exist when the release is executed. *Keck*, 20 S.W.3d at 698. It is not necessary, however, for the parties to anticipate and explicitly identify every potential cause of action relating to the subject matter of the release. *Id.* Although releases include claims existing at the time of execution, they may also include unknown claims and damages that develop in the future. *See id.*

In construing a release, as with other contracts, the primary effort is to ascertain and give effect to the intention of the parties to the release, considering the instrument as a whole. *Stafford v. Allstate Life Ins. Co.*, 175 S.W.3d 537, 541 (Tex. App.—Texarkana 2005, no pet.) (reasoning that a contract must be read as a whole rather than isolating a certain phrase, sentence, or section of the agreement). The contract's language is to be given its plain grammatical meaning unless doing so would defeat the parties' intent. *Id.* In determining intent, we must look to the contract, not what the parties allegedly meant. *Union Pacific R.R. v. Novus Int'l, Inc.*, 113 S.W.3d 418, 421 (Tex. App.—Houston [1st

15

Dist.] 2003, pet. denied). An unambiguous contract will be enforced as written. *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008). Parol evidence may not be introduced to create an ambiguity or to alter the intent of the parties as expressed in the instrument. *Id.*

## C. Analysis

D.R. Horton and DRHI argue that their claims in the second lawsuit were not released because the settlement agreement does not release Savannah from "any duties, obligations, covenants, agreements or warranties set forth in the Amended Contract." Savannah contends that, by the settlement agreement in the first lawsuit, D.R. Horton and DRHI released all of their claims against Savannah related to the Savannah Addition and the Amended Contract.

Paragraph 6 of settlement agreement provides as follows:

DRHI and [D.R. Horton], for and on behalf of themselves and their respective affiliates, parents, subsidiaries, predecessors, partners, owners, officers, directors, employees, representatives, members, attorneys, successors and assigns, if any (collectively, the 'Horton Releasors'), hereby fully, finally, completely, generally and forever RELEASE, DISCHARGE, ACQUIT and RELINQUISH [Savannah] and [CHS] and all of their respective affiliates, parents, subsidiaries, predecessors, partners (including, but not limited to, CH MM Denton LLC and Suncrest Savannah, L.P.), owners, officers, directors, employees, representatives, members, attorneys, successors and assigns, if any (collectively, the 'Savannah Releasees'), of and from any and all claims, actions, demands, and causes of action, of whatever kind or character, in law or in equity, known or unknown, asserted or unasserted in the Lawsuit, as of the Effective Date, for any and all injuries, harm, damages, penalties, costs, fees, losses, expenses, liability, remedies, or other detriment, of whatever kind or character, which any of the Horton Releasors, jointly or severally, has, had or may have against any of the Savannah Releasees with respect to, arising from or related in any way to the Horton Contract,

16

the Continental Contract, the Amended Contract, or the Savannah Addition, including, without limitation, any such claims or causes of action that were or could have been brought in the Lawsuit (the "Horton Released Claim(s)").

The language of paragraph 6 of the settlement agreement is unambiguous, and it releases any and all past, present, or future claims, actions, demands, and causes of action, of whatever kind or character, known or unknown, asserted or unasserted "with respect to, arising from, or related in any way to the Horton Contract, the Continental Contract, the Amended Contract, or the Savannah Addition." D.R. Horton's and DRHI's breach of contract, breach of warranty, and negligence claims all arise from Savannah's alleged failure to prepare the soil on the lots in the Savannah Addition that were sold to D.R. Horton and DRHI and from Savannah's alleged breach of the Amended Contract. Accordingly, D.R. Horton's and DRHI's claims in this lawsuit fall within the scope of paragraph 6.

D.R. Horton and DRHI do not dispute that their claims fall within the scope of paragraph 6 of the settlement agreement. Instead, they claim the settlement agreement did not release its claims in this lawsuit because those claims were preserved by paragraph 7 of the settlement agreement, which provides as follows:

Notwithstanding anything else to the contrary set forth in this Agreement, this Agreement is not intended to release and shall not release any Party from any duties, obligations, covenants, agreements or warranties set forth in the Amended Contract, set forth in this Agreement, or set forth in any document hereafter executed that survives the execution of the Amended Contract, the termination thereof, or the closing of lots under the Amended Contract, such as, but without limitation, the obligation of CHS

17

Savannah under the Earnest Money Deed of Trust (as defined in the Amended Contract). Additionally, notwithstanding anything else to the contrary contained in this Agreement, with respect to lots previously purchased and sold under the Horton Contract or the Continental Contract, this Agreement is not intended to and shall not release any Party from any duties, obligations, covenants, agreements or warranties pertaining to title set forth in or arising from any deed related to the prior purchase and sale of such lots.

D.R. Horton's and DRHI's claims against Savannah do not arise from the duties, obligations, covenants, agreements, or warranties set forth in the settlement agreement or any document executed after the settlement agreement. Nor do D.R. Horton's and DRHI's claims pertain to title. D.R. Horton and DRHI assert that their claims in this suit are based upon the "duties, obligations, covenants, agreements or warranties set forth in the Amended Contract" and were therefore not released by the settlement agreement. Savannah, however, is not a party to the Amended Contract. Therefore, it has no duties or obligations under the Amended Contract and is not subject to any covenants, agreements, or warranties set forth therein. *See, e.g.*, *Beaumont v. Excavators & Constrs.*, 870 S.W.2d 123, 129 (Tex. App.—Beaumont 1993, writ denied) ("[A] contract between other parties cannot create an obligation or duty on a non-contracting party . . . .").

In response to Savannah's summary judgment motion, D.R. Horton and DRHI offered the affidavit of Les Brannon. Brannon was the Region Counsel for the South Region of D.R. Horton's and DRHI's parent company at the time the settlement agreement and the Amended Contract were executed. In his capacity

18

as Region Counsel, Brannon was involved in the drafting and negotiation of the settlement agreement and the Amended Contract on behalf of D.R. Horton and DRHI. According to Brannon, paragraph 7 of the settlement agreement was included to make clear that any references to releases in the settlement agreement were not intended to release any party from the surviving duties, obligations, covenants, agreements, or warranties set forth in the Amended Contract or any other documents referenced in paragraph 7 of the settlement agreement. Brannon further states that the phrase, "Notwithstanding anything else to the contrary set forth in this Agreement," was added to paragraph 7 to expressly exclude those surviving duties, obligations, covenants, agreements, and warranties from the mutual releases set forth in the settlement agreement. Brannon claims D.R. Horton and DRHI would not have entered into the settlement agreement if the existing surviving duties, obligations, covenants, agreements, or warranties expressly set forth in the Amended Contract as not being subject to any release had not been excluded from the mutual releases in the Settlement Agreement. Brannon further states that the lots purchased under the Horton Contract and Continental Contract are the subject of the second lawsuit, and the subject matter of the second lawsuit is unrelated to the issues litigated in the first lawsuit. Brannon's affidavit testimony, however, is parol evidence that cannot be properly considered to change the written terms of the release. *See David J. Sacks, P.C.*, 266 S.W.3d at 451. And to the extent that this parol evidence contradicts the plain meaning of the settlement agreement,

19

this evidence is incompetent to change the agreement's unambiguous language. *See White Oak Operating Co., LLC v. BLR Const. Cos., LLC*, 362 S.W.3d 725, 734 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

We conclude that the settlement agreement releases all of D.R. Horton's and DRHI's claims against Savannah related to the Amended Contract and the Savannah Addition, which include D.R. Horton's and DRHI's breach of contract, breach of warranty, and negligence claims in this lawsuit. Therefore, Savannah conclusively proved its affirmative defense of release as a matter of law, and the trial court did not err by granting summary judgment. We overrule the portion of sub-issue two challenging the summary judgment in favor of Savannah on its release affirmative defense. Because we have concluded the trial court properly granted Savannah's motion for summary judgment on Savannah's release defense, which is dispositive of this appeal, we need not address the remainder of sub-issues two and three. *See* Tex. R. App. P. 47.1.

## VI. Conclusion

We hold the trial court did not abuse its discretion by not continuing the submission date of Savannah's summary judgment motions, and therefore, we overrule D.R. Horton's and DRHI's first sub-issue. We also hold the trial court did not err by rendering summary judgment in favor of Savannah on D.R. Horton's and DRHI's fraudulent inducement claim against Savannah, and we accordingly overrule that portion of D.R. Horton's and DRHI's third sub-issue. We further hold that the trial court correctly granted summary judgment in favor

20

of Savannah on its affirmative defense of release, and we overrule that portion of D.R. Horton's and DRHI's second sub-issue. Therefore, we need not address the portions of D.R. Horton's and DRHI's second sub-issue challenging the summary judgment in favor of Savannah on its res judicata, novation, and limitations defenses or the portions of D.R. Horton's and DRHI's third sub-issue challenging the no-evidence summary judgment in favor of Savannah on D.R. Horton's and DRHI's claims for breach of contract, breach of warranty, and negligence. The judgment of the trial court is affirmed.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED: November 7, 2013