

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00003-CV

_____

MILTON A SANDOVAL GOMES, Appellant

V.

GUY CASEY, ARI FLEET LT, AND ARI FLEET LEASING, Appellees

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-330860-21

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

This is a personal injury case arising from an automobile accident. Appellant Milton Sandoval Gomes appeals the no-evidence summary judgment granted in favor of Appellees Casey Gay, ARI Fleet LT, and Automotive Rentals Inc.,[1] whom Gomes sued, alleging various causes of action grounded in negligence. We affirm.

## I. BACKGROUND

The automobile accident giving rise to this case occurred on March 22, 2019, and involved four vehicles:

1. Vehicle No. 1 driven by defendant Juan Diego Becerra III;

2. Vehicle No. 2 driven by defendant Jane Fairweather;

3. Vehicle No. 3 driven by Gomes; and

4. Vehicle No. 4 driven by Gay.

According to the police officer's report, all four vehicles were traveling eastbound on State Highway 121 in the far-right lane. Vehicle No. 1 was stopped due to traffic in front of it. Vehicle No. 2 was stopped approximately one car length behind Vehicle No. 1. Vehicle No. 3, driven by Gomes, rear ended Vehicle No. 2, which shoved it

---

[1]Apparently, Appellee Casey Gay was originally misnamed as "Guy Casey," and Appellee Automotive Rentals Inc. was originally misnamed as "Ari Fleet Leasing" in the proceedings below.

into Vehicle No. 1. Vehicle No. 4, driven by Gay, then struck Gomes's vehicle (Vehicle No. 3) from behind.[2]

On March 1, 2021, Gomes filed suit against Becerra, Fairweather, and the Appellees,[3] alleging various negligence-based causes of action. With respect to Appellees specifically, Gomes asserted a cause of action for negligence against Gay and causes of action for respondeat superior and negligent entrustment against ARI Fleet LT and Automotive Rentals Inc.

On September 10, 2021, Appellees filed a no-evidence motion for summary judgment on the grounds that Gomes could not produce sufficient evidence of proximate cause or damages. Gomes filed a response to Appellees' motion and attached an affidavit describing the sequence of events surrounding the accident.[4]

On October 7, 2021, the trial court held a hearing on the no-evidence summary judgment motion. At the hearing, Appellees conceded that Gomes's affidavit was sufficient to create a fact issue with respect to proximate cause; however, they argued that Gomes had still failed to comply with his burden to produce evidence of

---

[2]Gomes disputes the sequence of events as set forth in the police officer's report. He asserts that he had come to a stop before colliding with Vehicle No. 2 and was then struck from behind by Vehicle No. 4, driven by Casey, which pushed Gomes's vehicle into Vehicle No. 2.

[3]Becerra and Fairweather are not parties to this appeal.

[4]Gomes's response was filed late; however, the trial court granted Gomes's motion for leave to file the response after the deadline.

3

damages. Following the hearing, the trial court granted the motion and entered final summary judgment dismissing Gomes's causes of action against Appellees with prejudice and ordering Gomes to pay Appellees' court costs. Following the entry of summary judgment, Gomes filed a motion for reconsideration, which the trial court denied. This appeal followed.[5]

## II. DISCUSSION

In his sole issue on appeal, Gomes contends that the trial court erred by entering a no-evidence summary judgment dismissing his claims against Appellees because he has produced sufficient evidence to create a genuine issue of material fact on each challenged element of his causes of action against Appellees. For the reasons set forth below, we affirm the judgment of the trial court.

### A. STANDARD OF REVIEW

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The

---

[5]On December 8, 2021, the trial court entered an order severing Gomes's causes of action against Appellees and Fairweather, whose separate motion for summary judgment had been granted in July 2021. Thus, the trial court's summary judgments disposing of Gomes's claims against Appellees and Fairweather are final and appealable. However, Gomes does not challenge or appeal the summary judgment in Fairweather's favor.

trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020).

We review a summary judgment de novo. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

## B. ELEMENTS OF GOMES'S CAUSES OF ACTION

All of Gomes's causes of action against Appellees are grounded on a negligence theory. Under Texas law, "[t]he elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the

5

breach." *Elephant Ins. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). The plaintiff bears

the burden of proof on each of these elements. *Gray v. Baker & Taylor Drilling Co.,*

602 S.W.2d 64, 65 (Tex. App.—Amarillo 1980, writ ref'd n.r.e.).

## C. GOMES FAILED TO PRODUCE LEGALLY SUFFICIENT EVIDENCE OF DAMAGES

In this case, Appellees sought summary judgment on the grounds that Gomes

had produced no evidence of damages.[6] In response to Appellees' motion, Gomes

produced a single affidavit as evidence. In essence, the affidavit contains just one

paragraph,[7] which provides as follows:

> On or about March 22, 2019, I was traveling eastbound on Airport
> Freeway in Richland Hills, Tarrant County, Texas. I came to a stop due
> to traffic stopping when I was struck from behind by a vehicle driven by
> Casey Guy which pushed me forward causing me to strike the vehicle in
> front of me.

Gomes's affidavit is wholly inadequate to satisfy his burden to present evidence

raising an issue of material fact regarding damages. *See Mack Trucks, Inc.*, 206 S.W.3d

at 582 (pointing out that once a no-evidence summary judgment motion is filed, "the

burden shifts to the nonmoving party to present evidence raising an issue of material

fact as to the elements specified in the motion"). While the affidavit provides

---

[6]As noted above, Appellees initially sought summary judgment based on no evidence of either proximate cause or damages. However, in light of Gomes's affidavit, Appellees focused their argument at the hearing solely on Gomes's failure to produce any evidence of damages.

[7]Besides the quoted portion, the affidavit also contains standard language verifying the affiant's name and that the facts stated are within his personal knowledge and are true and correct.

Gomes's version of the sequence of events leading up to the accident, it makes no reference whatsoever to damages. The affidavit is completely devoid of any evidence of personal injuries Gomes may have sustained or economic damages he may have incurred such as medical expenses or vehicle repair bills. Accordingly, it is insufficient to create a genuine issue of material fact regarding the essential element of damages. *See id.*

Though it is unclear from Gomes's brief, to the extent he seeks reversal on the grounds that he had inadequate time for discovery, this argument is without merit.[8] *See* Tex. R. Civ. P. 166a(i). "[T]here is no specific minimum amount of time that a case must be pending before a trial court may entertain a no-evidence motion for summary judgment; the rule only requires an 'adequate time for discovery.'" *D.R. Horton–Tex., Ltd. v. Savannah Props. Assocs.,* 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.). Here, given the nature of the evidence needed to controvert the no-evidence motion, the length of time the case was active, and the amount of time the no-evidence motion was on file, Gomes had adequate time for discovery. *See id.* (listing factors to consider in determining whether time for discovery was

---

[8]While Gomes does not make this argument explicitly in his brief or include it as a separate issue, he does make several references to the fact that discovery had not been completed at the time Appellees filed their motion for summary judgment. Gomes also argued this point in his response to the summary judgment motion in the trial court. Thus, consistent with the Texas Supreme Court's urging to construe pleadings "reasonably, yet liberally," we address this issue. *Parker*, 514 S.W.3d at 221–22.

adequate). Any evidence of injuries or damages Gomes sustained as a result of the accident would be within his personal knowledge or subject to his control. Thus, no amount of discovery from Appellees could assist Gomes in producing evidence on this issue. Moreover, even if discovery would somehow assist Gomes in producing evidence of damages, given that the Appellees' summary judgment motion was filed more than six months after the commencement of the lawsuit and had been on file for 27 additional days before it was granted, Gomes had adequate time for discovery. *See Rest. Teams Int'l v. MG Sec. Corp.*, 95 S.W.3d 336, 340 (Tex. App.—Dallas 2002, no pet.) (holding there was adequate time for discovery where case had been on file seven months and motion had been on file 26 days before it was granted). Furthermore, as Gomes waited nearly two years from the time of the accident to file suit, he had ample time to investigate his case. *See Carter v. MacFadyen*, 93 S.W.3d 307, 311 (Tex. App—Houston [14th Dist.] 2002, pet. denied) (recognizing that "a trial court may presume a plaintiff has investigated his own case prior to filing" in determining whether there has been adequate time for discovery).

Because Gomes has produced no evidence of damages, the trial court properly granted Appellees' no-evidence motion for summary judgment.

### III. CONCLUSION

Having determined that Gomes has failed to meet his burden to present evidence raising a genuine issue of material fact as to damages, we affirm the judgment of the trial court.

8

/s/ Brian Walker

Brian Walker
Justice

Delivered:  August 18, 2022