**Opinion filed July 20, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00133-CV

_____

**ELIZABETH J. SIBLEY, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JANE DUNN SIBLEY, ET AL., Appellants**

**V.**

**ROBERT BECHTEL; W. BURGESS WADE; SARA BULLOCK MCINTOSH, AS INDEPENDENT CO-EXECUTOR OF THE ESTATE OF MAURICE BULLOCK; AND DAN BULLOCK, AS INDEPENDENT CO-EXECUTOR OF THE ESTATE OF MAURICE BULLOCK, Appellees**

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV57310**

**M E M O R A N D U M   O P I N I O N**

This appeal emanates from a lawsuit filed in 2020 to set aside a real estate conveyance that occurred in 1970. The trial court granted the defendants' motions for summary judgment which asserted, in part, that the suit was time-barred.

This appeal arises out of the trial court's denial of two motions to continue a summary judgment hearing based on the affidavits of Scott Ellis, an attorney for Appellants. Also at issue is the trial court's related denial of a motion to compel the deposition of Appellee Robert Bechtel. Rule 166a(g) of the Texas Rules of Civil Procedure allows a trial court to postpone a hearing on a motion for summary judgment when a party opposing the motion has filed an affidavit demonstrating that the party "cannot . . . present by affidavit facts essential to justify his opposition." TEX. R. CIV. P. 166a(g). We hold that the Ellis affidavits did not satisfy the requirements of Rule 166a(g) and that the trial court did not abuse its discretion in denying the motions. On that basis, we affirm the judgment of the trial court.

*Background Facts*

In 1967, Effie Sibley created two trusts. The first of these trusts, known as the Potts and Sibley Foundation (the Foundation), was created as a charitable trust that exclusively benefitted various scientific, literary, educational, and/or humanitarian causes. The second, known as the Effie Potts Sibley Trust (the Sibley Trust), primarily benefitted Effie's son and daughter-in-law and Effie's grandchildren.

Appellants are members of the Sibley family. Elizabeth Sibley is the independent administrator of the Estate of Jane Dunn Sibley. Jane was Effie's daughter-in-law by way of her marriage to D.J. Sibley, Jr., Effie's son. The Sibley Trust provided that, upon Effie's death, 3/40 of the assets from the Sibley Trust would be conveyed into a trust benefiting Jane. Hiram Sibley is Jane's son and Effie's grandson. The Sibley Trust provided that each of Effie's grandchildren

2

would become the beneficiary of a trust that was created upon Effie's death and funded by a conveyance from the Sibley Trust. As such, along with several other grandchildren who are not parties, Hiram has interests that can be traced back to the Sibley Trust. Appellants Sarah Sibley, Elsie Sibley Chandler, Shiloh Cutforth Sibley, and Kiowa Cutforth Sibley are great-granddaughters of Effie.

The defendants-Appellees include Bechtel, who has previously served as a trustee of the Sibley Trust, and who has also served as a trustee of the Foundation in varying capacities since its inception. W. Burgess Wade, who currently serves as a trustee of the Foundation, is also a defendant-Appellee. Maurice Bullock, who was also a trustee of the Foundation as well as the Sibley Trust, is deceased. As such, Sara Bullock McIntosh and Dan Bullock (the Bullock executors), co-executors of Maurice's estate, are named as defendants in the lawsuit. Appellants also sued Denna and Robert McGuire, who are co-executors of the estate of Allen McGuire. According to Betchel, Allen served as an accountant for the Foundation for approximately thirty years. Pursuant to Appellants' and the McGuires' joint motion for partial dismissal, the portion of this appeal involving Denna and Robert was dismissed. *See Sibley v. Bechtel*, No. 11-21-00133-CV, 2021 WL 5994359, at *1 (Tex. App.—Eastland Dec. 17, 2021, no pet.) (mem. op., not designated for publication); *see also* TEX. R. APP. P. 42.1(a)(1), (b).

During the last fifty years, the relationship between the Sibley family and the trustees of the Foundation has been acrimonious, to say the least. According to Betchel, at least five other lawsuits have spawned out of disagreements between the family and the trustees of the Foundation and/or the various family trusts. One such dispute, a 2002 guardianship proceeding, is particularly relevant to this dispute.

In April 2002, Allen McGuire filed a petition to be designated as guardian of D.J. Sibley, Jr. whose ability to care for himself was in decline. Jane entered an

appearance in the guardianship proceeding and filed claims against Bechtel and McGuire. As a part of the lawsuit, Jane claimed that Bechtel and McGuire had "misread" the original trust documents, resulting in a "misallocation of funds among several trusts." She also alleged that the trustees had taken actions "that were calculated to conceal their mistakes." The dispute culminated in a settlement agreement, which was approved by the trial court and incorporated into a final judgment. Jane, Hiram, and Elizabeth were parties to the agreement. Shiloh, Kiowa, Sarah, and Elsie[1] were minors at the time, and their respective interests were represented by temporary guardians. Among other things, the trial court's judgment required payments from D.J.'s assets to Hiram and six of D.J. Sibley, Jr.'s grandchildren. The agreed judgment also dismissed Jane's claims with prejudice.

Subsequently, in 2016, Hiram and Sarah began to raise questions about a 1970 transfer of mineral interests out of the Sibley Trust. In a letter to Bechtel and McGuire dated February 9, 2016, they indicated that they wanted to understand how a chain of title in the mineral interests at issue had passed to the Foundation. Three days later, McGuire offered to meet with Hiram, Sarah, and Bechtel to go over the abstracts and deeds and discuss the issue.

Appellants filed the lawsuit that gives rise to this appeal in July 2020. The lawsuit was originally filed in Travis County, but venue was transferred to Midland County in December 2020. In the lawsuit, Appellants complain that, in 1970, Bechtel and Maurice Bullock, acting without proper authority, transferred the Sibley Trust's mineral interests in two sections of land to the Foundation. This transfer was accomplished by way of a deed that was filed among the public deed records in

---

[1]One of the minors that is named in the judgment arising out of the 2002 litigation is Elizabeth Victoria Sibley. In their motion for summary judgment, Bechtel and Wade argue that Elsie was a party to the settlement, and Appellants do not dispute this assertion. As such, it appears that Elizabeth Victoria and Elsie are the same person.

Pecos County. Appellants allege that the Foundation sold the mineral interests in 2019 for around fourteen million dollars. They contend that the 1970 transfer and subsequent sale of the assets in question constituted a breach of contract, a breach of fiduciary duty, and fraud.

Appellees admit that Bechtel and Bullock were involved in the transfer of the assets in question in 1970, though—at the time—Bechtel was acting as an agent of First National Bank of Midland, one of the original trustees. They further claim that, in 1990, after Bechtel assumed the role of successor trustee, the Foundation's assets were transferred from the original trustees to Bullock and Bechtel, who was no longer acting as an employee of a trustee but as a trustee himself. In connection with the 1990 transaction, Bechtel and Bullock filed a Special Warranty Deed in Pecos County which specifically described the mineral interests in question.

Shortly after the case was transferred from Travis County, the defendants-Appellees each filed traditional motions for summary judgment. Appellants then sought to take the deposition of Bechtel. Bechtel refused to cooperate, indicating that it would be a "waste of the parties' time and resources." In response, Appellants noticed Bechtel's deposition, and Bechtel filed a motion to quash, which automatically stayed the deposition under Rule 199.4 of the Texas Rules of Civil Procedure. *See* TEX. R. APP. P. 199.4. Appellants then filed a motion to compel the deposition of Bechtel, along with motions requesting a continuance of the summary judgment hearings, pending Bechtel's deposition. The trial court denied the motion to compel and the motions for continuance and proceeded with a hearing on the motions for summary judgment. Each of the summary judgment motions were then granted. This appeal followed.

5

*Analysis*

On appeal, Appellants do not complain that the trial court erred in rendering summary judgment in favor of Appellees. Rather, in their sole issue, Appellants argue that the trial court erred when it refused to permit them to take the deposition of Bechtel prior to the summary judgment hearing. Specifically, Appellants complain that the trial court erred when it denied their motion to compel the deposition of Bechtel and their motions to continue the hearing on the motions for summary judgment.

We review the denial of the motion to compel, as well as the motions for continuance, for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (trial court orders denying motions for continuance are reviewed for an abuse of discretion); *Hycarbex, Inc. v. Anglo-Suisse, Inc*., 927 S.W.2d 103, 111 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Thompson v. Dart*, 746 S.W.2d 821, 828 (Tex. App.—San Antonio 1988, no writ) (the determination of whether a deposition should be taken is within the sound discretion of the trial court).

Appellants sought a continuance of the summary judgment hearing based on Rule 166a(g) of the Texas Rules of Civil Procedure, which permits a trial court to grant a continuance to the party opposing a motion for summary judgment if that party files an affidavit setting forth the reasons the party cannot present the facts necessary to respond to the summary judgment motion. *MEI Camp Springs, LLC v. Clear Fork, Inc*., 623 S.W.3d 83, 96 (Tex. App.—Eastland 2021, no pet.). An affidavit seeking a continuance to obtain additional evidence must describe the evidence sought, explain its materiality, and demonstrate that the party requesting the continuance has used due diligence to timely obtain the evidence. *MEI*, 623

S.W.3d at 96; *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222–23 (Tex. App.—Fort Worth 2013, no pet.).

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe*, 145 S.W.3d at 161. To that end, courts should consider the following "nonexclusive" factors: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id.*; *MEI*, 623 S.W.3d at 96; *see also D.R. Horton–Tex.*, 416 S.W.3d at 223.

*The Relevant Issues*

Although the merits of the summary judgment motions are not at issue, it is necessary to understand the factual disputes that could have been raised in response to those motions in order to assess the question of whether the Bechtel deposition might have yielded discovery that was material to the pending motions. An understanding of such issues is also helpful in assessing whether Appellants could have produced—by way of their own affidavits—the evidence that they sought to obtain from Bechtel. *See* TEX. R. CIV. P. 166a(g).

Among other things, Appellees each raised the issue of the four-year statute of limitations in their motions.[2] "A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). However, a plaintiff may respond to the assertion

---

[2]Each of the causes of action at issue are governed by the four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) (West 2002) (fraud), (a)(5) (breach of fiduciary duty); *Nghiem v. Sajib*, 567 S.W.3d 718, 722 n.20 (Tex. 2019) (discussing the rationale for applying a four-year limitations period to breach of contract claims under sections 16.004(a) and/or 16.051 of the Texas Civil Practice and Remedies Code).

of limitations by pleading the discovery rule. *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021). Under the discovery rule, the accrual of limitations is delayed until the plaintiff "knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996))

In a trial on the merits, the plaintiff bears the burden of proving and securing favorable findings on the discovery rule. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988). However, in a motion for summary judgment, "the burden is on the defendant to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff discovered or should have discovered" the wrongful act and related injury. *Id.* at 518 n.2; *see also Draughon*, 631 S.W.3d at 90. The discovery rule applies "only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 930 (Tex. 2011) (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)). An injury is inherently undiscoverable if, by its nature, it is "unlikely to be discovered within the prescribed limitations period despite due diligence." *Shell Oil*, 356 S.W.3d at 930 (quoting *S.V.*, 933 S.W.2d at 7).

In this case, Appellees attempted to negate the discovery rule in several ways. First, they pointed to public records, filed in 1970 and again in 1990, which showed that the mineral interests in question had been transferred out of the Sibley Trust. Additionally, the Bullock executors maintained that Appellants had an opportunity to conduct discovery relating to the mineral interests in question as a part of the 2002 lawsuit. Finally, Appellees argued that Appellants had knowledge of the injury in February 2016, when Hiram and Sarah wrote a letter to Bechtel and McGuire that explicitly raised questions about the transfer of the mineral interests to the

8

Foundation. As such, fact questions that could have been raised in a dispute over limitations included, for example, (1) whether the deeds in question had been on file in Pecos County since 1970 and 1990, as alleged, (2) whether the 2002 lawsuit presented a reasonable opportunity to discover the alleged wrongful transfer, and (3) whether Hiram and Sarah knew about the transfer in February 2016, as evidenced by their letter.

Appellants also attempted to avoid the four-year statute of limitations based on the equitable principle of fraudulent concealment. Fraudulent concealment tolls limitations "because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *Shell Oil*, 356 S.W.3d at 927 (quoting *S.V.*, 933 S.W.2d at 6). However, evidence of fraudulent concealment does not extend a limitations period indefinitely. Once a plaintiff discovers the wrong or could have discovered it through the exercise of reasonable diligence, the limitations period will begin to run. *Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008).

In support of their fraudulent concealment claim, Appellants alleged that the 1970 deed failed to specify the grantor trust and the grantee trust. By failing to disclose the details of the transfer, they argue, Bechtel and Bullock were attempting to conceal their wrongful conduct. In response, Appellees pointed to the 1970 and 1990 deeds, as well as the 2016 letter, as evidence that Appellants either knew or should have known of the transfer at least four years before suit was filed. Thus, the factual inquiries relating to fraudulent concealment are similar to the factual inquiries relating to the statute of limitations.

Appellees also raised the affirmative defense of res judicata based on the agreed judgment arising out of the 2002 litigation. "The party relying on the affirmative defense of res judicata must prove (1) a prior final determination on the

9

merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "Res judicata applies to an agreed judgment." *See, e.g., Smith v. Huston*, 251 S.W.3d 808, 825 (Tex. App.—Fort Worth 2008, pet. denied).

Appellees argued that issues concerning the 1970 transfer of mineral interests could have been raised by the parties to the 2002 litigation, and that all of the plaintiffs in the current action were directly involved in the 2002 litigation. As such, potential fact questions that could have been raised in connection with the issue of res judicata included, for example, (1) whether the judgment at issue was rendered as alleged, (2) whether Appellees were parties to (or represented by temporary guardians in) the 2002 litigation, and (3) the nature of the allegations that were made in the 2002 litigation.

In addition to the issues raised in connection with the limitations and res judicata defenses, other potential fact questions included, for example, (1) whether the parties executed and entered into a general release of claims in connection with the 2002 litigation, (2) whether the interests of the minors were properly represented in connection with that release, (3) whether Wade had ever been responsible for any of the family trusts, and (4) whether Appellants had sufficient interests in the Foundation to provide them with standing to sue Bechtel and Wade in their capacity as trustees of the Foundation itself.

In short, the issues that had been raised in connection with the motions for summary judgment were largely concerned with the authenticity and contents of various documents, many of which were public records. Once the authenticity and contents of those records were established, the remaining issues were largely questions of law. With those issues in mind, we now turn to the question of whether

the trial court erred when it denied the motion to compel and the motions for continuance.

*The Ellis Affidavits*

The affidavits of Ellis, which were offered in support of Appellants' motions for continuance, are substantially identical. The general tenor of the Ellis affidavits was that Appellees had filed their traditional motions for summary judgment at the "infancy" of the lawsuit "during the beginning of the discovery period." We note, however, that a traditional summary judgment motion is not tied to a discovery period. *McDade v. Fountains at Tidwell, Ltd.*, No. 14-21-00400-CV, 2022 WL 6602885, at *3 (Tex. App.—Houston [14th Dist.] Oct. 11, 2022, pet. denied) (mem. op., not designated for publication). Instead, the Texas Rules of Civil Procedure, unless the trial court issues a scheduling order that relates to such motions, allow a defendant to seek a traditional summary judgment at any time. *Id.*; *see* TEX. R. CIV. P. 166a(b).

Each affidavit contains two paragraphs that describe certain deposition testimony that Appellants seek from Bechtel. Specifically, Ellis indicates that Appellants seek testimony from Bechtel "relating to" the trust agreement that governs the Sibley Trust, the 1970 deed, the existence of any written directives from Effie authorizing the transfers of mineral interests in the 1970 deeds, and an affidavit that Bechtel filed in support of his motion for summary judgment. Ellis emphasizes that, unless Appellants are allowed to question Bechtel on the contents of his affidavit in particular, then his testimony on certain subjects will be "cherry-picked" and therefore incomplete.

The remainder of each affidavit is primarily devoted to describing the diligence utilized by Appellants to obtain discovery, as well as an explanation of the delays that were caused by the transfer of the case from Travis County to Midland

County. We acknowledge the limitations that Appellants encountered in procuring discovery prior to the transfer of venue and during the period following the transfer, particularly in the context of the COVID-19 pandemic. However, we conclude that the Ellis affidavits were insufficient for two reasons: (1) they do not demonstrate that the discovery that was sought from Bechtel was material to the pending motions for summary judgment, and (2) they do not explain why Appellants could not "present by affidavit facts essential to justify [their] opposition." TEX. R. CIV. P. 166a(g).

Ellis states in conclusory terms that the Bechtel deposition is "highly material to Plaintiff's summary judgment response" and that Bechtel's knowledge includes "facts that serve as the fundamental bases for Defendants' summary judgment grounds." He also identifies potential testimony from Bechtel that might be relevant to the causes of action that Appellants have raised in the lawsuit. However, none of Appellees had moved for summary judgment on the merits of Appellants' causes of action. Instead, the motions were based on the affirmative defenses described above. Ellis never explains how Bechtel's testimony on the subjects that he describes therein would be particularly material to Appellants' summary judgment responses.

The language of Rule 166a(g) does not require the trial court to speculate about the manner in which the discovery that is sought is relevant to the summary judgment issues. However, even if the trial court had done so, it would have been hard-pressed to identify such relevance based on the Ellis affidavits. For example, it is difficult to conceive how Bechtel's testimony would have been germane to the existence or content of publicly recorded deeds or the 2016 letter authored by Hiram and Sarah. Likewise, Ellis does not explain what Bechtel might say about the settlement agreement arising out of the 2002 litigation and related judgment, the preclusive effects of which are largely—if not exclusively—a question of law. *See,*

12

*e.g.*, *Perdido Properties LLC on Behalf of Bremer v. Devon Energy Prod. Co., L.P.*, No. 11-21-00060-CV, 2023 WL 3511234, at *23 n.14 (Tex. App.—Eastland May 18, 2023, no pet. h.) (court's interpretation of a release agreement was a question of law); *Shawn Ibrahim, Inc. v. Houston-Galveston Area Local Dev. Corp.*, 582 S.W.3d 753, 764 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (where material facts are not disputed, res judicata presents a question of law).

We recognize that, without the benefit of the discovery that is sought, it may be impossible to describe the exact evidence that would be derived from such discovery, and we do not believe that Rule 166a(g) requires an affidavit to describe in detail the contents of the evidence that will be obtained. Nevertheless, in explaining the materiality of discovery that is sought, it is not sufficient for the affidavit to make general averments that such discovery will be relevant to fact issues that will be raised in the response. *Doe v. Roman Catholic Archdiocese of Galveston-Houston ex rel. Dinardo*, 362 S.W.3d 803, 809, 812–13 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (conclusory allegations in a Rule 166a(g) affidavit are insufficient). Rather, affidavits under Rule 166a(g) must explicitly describe how requested discovery could reasonably be expected to yield evidence that is relevant to the summary judgment response. *See Doe*, 362 S.W.3d at 813 (respondent failed to explain how any facts that might be discovered would support a response on the statute of limitations). Such a description was absent in the Ellis affidavits.

Furthermore, even if the Ellis affidavits had demonstrated that Bechtel could offer testimony relevant to the motions for summary judgment, they were also required to demonstrate how Appellants could not execute or otherwise obtain opposing affidavits in connection with the same issues. *See* TEX. R. CIV. P. 166a(g). The Ellis affidavits likewise contained no such explanation.

Because the Ellis affidavits did not explain (1) how the testimony sought from Betchel would be relevant to the specific fact issues in dispute in the motions for summary judgment or (2) why Appellants were otherwise unable to present by affidavit any particular facts that were essential to justify their opposition to the motions, the trial court did not abuse its discretion when it determined that Appellants failed to satisfy the requirements of Rule 166a(g). Likewise, because the Ellis affidavits failed to establish a compelling reason for taking Bechtel's deposition prior to the hearing on the motions for summary judgment, we also hold that the trial court did not abuse its discretion in denying the motion to compel the deposition of Bechtel.

*This Court's Ruling*

We overrule Appellants' sole issue in this matter and affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 20, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.